DOMENGEAUX, Judge.
On April 11, 1983, defendant Joseph C. Landry was charged by bill of information with possession with intent to distribute a controlled dangerous substance classified in Schedule II, to-wit: pentazocine, in violation of La.R.S. 40:967 A(l). On December 6, 1983, a twelve person jury unanimously found the defendant guilty of possession of pentazocine. The court found the defendant to be a second habitual offender and sentenced him to serve seven (7) years in the custody of the Louisiana Department of Corrections.
The defendant filed a motion for appeal setting out four (4) assignments of error; however, he has failed to file a brief with us. Assignments of error which are not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982). Although assignments of error have been filed in the record, this case is subject only to a review for errors patent on the face of the record.
A careful examination of the record pursuant to La.C.Cr.P. Article 920 reveals no errors patent on the record. The conviction and sentence imposed upon the defendant by the trial court are thus confirmed. (See Appendix A).
AFFIRMED.
APPENDIX A (No. CR84-770)
ERROR PATENT REVIEW
The defendant was charged by bill of information on April 11, 1983. The bill of information was signed by the District Attorney and appears proper in form.
On May 16, 1983, defendant waived formal arraignment, pled not guilty and requested a trial by jury. The court minutes reflect that the defendant was present at all preliminary matters, at all times during trial and at the time the judgment was rendered.
Defendant was charged with a violation of La.R.S. 40:967 A(l) which requires a twelve (12) person jury, ten (10) of whom must concur to render a verdict of guilty. Defendant was tried by a twelve (12) person jury that unanimously found him guilty of possession of pentazocine. The verdict *1170 was responsive to the original charge of possession with intent to distribute a controlled dangerous substance classified in Schedule II, to-wit: pentazocine.
On December 16, 1983, the trial court denied the defendant’s motion for a new trial and found the defendant to be a second habitual offender. On January 11, 1984, more than twenty-four hours after the denial of the motion for a new trial, the court sentenced the defendant to serve seven (7) years in the custody of the Louisiana Department of Corrections. This sentence is reflected in the minutes and falls within the statutory limits of La.R.S. 40:967 as well as La.R.S. 15:529.1, dealing with sentences for second and subsequent offenses.
There is no question presented herein as to the constitutionality of La.R.S. 40:967. There appears to have been no errors committed by the trial court which are patent on the record.